# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 05-6645 ABC (CWx) | Date April 9, 2007 |
| Title Christopher A. Westerfield v. Gregory J. Wade, et al. | |

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

Present: The Honorable Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER Re: DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §1988 (In Chambers)

The following two motions are currently pending before this Court: (1) Defendant Officer Gregory J. Wade's ("Defendant") Motion for Judgment as a Matter of Law or for a New Trial, filed on March 23, 2007; and (2) Plaintiff Christopher A. Westerfield's ("Plaintiff") Motion for Attorney's Fees Under 42 U.S.C. §1988, also filed on March 23, 2007. The Court finds that both motions are appropriate for submission without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Thus, the Court hereby VACATES the April 16, 2006 hearing date for both motions. Upon consideration of the parties' submissions and the case file, and for the reasons indicated below, the Court hereby DENIES Defendant's Motion for Judgment as a Matter of Law or for a New Trial, and GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. §1988.

## I. DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

### A. Legal Standard On A Motion For Judgment As A Matter Of Law And On A Motion For New Trial.

Defendant moves for entry of judgment as a matter of law under Federal Rule of Civil Procedure 50(b), or, in the alternative, a new trial under Rule 59, arguing that "examining the evidence in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

favor of the Plaintiff reveals a lack of facts which would support the jury verdict for Plaintiff or the amount of damages." (Motion 4:23-24).

Judgment as a matter of law following a jury verdict is proper "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's." Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir. 1993). Judgment as a matter of law is improper if there is substantial evidence to support the jury's verdict. See Transgo, Inc. v. Ajac Transmission Parts, Corp., 768 F.2d 1001, 1014 (9th Cir. 1985). "'Substantial evidence' is admissible evidence that reasonable minds might accept as adequate to support a conclusion." Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir. 1991). In considering a motion under Rule 50, the court does not assess the credibility of witnesses, and does not "weigh the evidence, but [instead] draws all factual inferences in favor of the nonmoving party." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987); Lytle v. Household Mfg., Inc., 494 U.S. 545, 554 (1990). Finally, the court may not substitute its judgment of the facts for the judgment of the jury. Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29 (1944).

Similarly, the Court has discretion to grant a new trial under Rule 59 "if the verdict appears. . . to be against the weight of the evidence." Gasperini v. Center for Humanities, 518 U.S. 415, 433 (1996). "A new trial is warranted where the verdict is contrary to the clear weight of the evidence and the verdict results in the miscarriage of justice." City Solutions, Inc. v. Clear Channel Comms., 365 F. 3d 835, 843 (9th Cir. 2004).

**B. The Jury's Verdict On The Issue Of Excessive Force Is Supported By Substantial Evidence.**

Here, the Court finds that substantial evidence supports the jury's verdict on the issue of excessive force. Defendant argues that Plaintiff testified that he was tensing his body during the interaction with Defendant, and that as a result, Plaintiff admitted that he was actively resisting arrest. However, Defendant has presented no law to support his assertion that tensing one's body constitutes active resistance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

Further, applying the factors set forth by the court in Graham v. Connor, 490 U.S. 386 (1989), it is clear that the jury's verdict is supported by the substantial weight of the evidence. The factors used by the court in Graham to determine whether a use of force is reasonable are as follows: (1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

Here, the Court finds that the jury properly made its own credibility assessment as to whether Plaintiff posed a threat - i.e., by finding that Defendant used excessive force, it can be implied that the jury determined that Plaintiff did not pose a threat to the safety of the officers or others. The severity of the crime factor also supports Plaintiff, as public intoxication and/or resisting, delaying or obstructing a police officer in the manner asserted by Defendant, are not serious crimes. Finally, as discussed above, Plaintiff's admission that he tensed his body is not sufficient to demonstrate active resistance. Thus, there is substantial evidence to support the jury's verdict on the issue of excessive force.

Additionally, as to Defendant's argument that the evidence showed that Plaintiff knew or should have known that he had been seized by police officers, that issue was also for the jury, which obviously decided it in Plaintiff's favor. Defendant has not presented evidence sufficient to undermine the jury's finding on this issue, and the Court will substitute its judgment of the facts that of the jury.

Finally, the determination by the jury in the first trial regarding reasonable detention and probable cause to arrest did not resolve the issue of excessive force. To the extent that Defendant argues it does, Defendant is essentially attempting to renew his prior motion for judgment as a matter of law, which this Court rejected in its January 16, 2007 order on Defendant's Motion for Judgment as a Matter of Law following the first trial in this case.

\\\
\\\
\\\
\\\
\\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

### C. The Jury's Verdict On The Issue Of Damages Is Supported By Substantial Evidence.

Defendant argues that Plaintiff's evidence regarding damages was "conjecture at best," and that the jury's damages award was not supported by a preponderance of the evidence. (Motion 7:22). The Court disagrees. Plaintiff provided evidence regarding the nature and extent of his injuries, and Plaintiff's physical and emotional suffering as a result of the incident. As a result, there is sufficient evidence to support the jury's verdict on the issue of damages.

In sum, because there is substantial evidence to support the jury's verdict in this case, the Court cannot and will not disturb that verdict. Accordingly, Defendant's Motion for Judgment as a Matter of Law or for a New Trial is DENIED in its entirety.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §1988

### A. Procedural Background As Relating To Motion For Attorney's Fees.

Plaintiff filed his complaint in this action on September 9, 2005, alleging that Officer Gergory J. Wade (referred to herein as "Defendant") and Officer Kevin J. Waddell of the City of Santa Maria Police Department (collectively, "Officer Defendants") arrested him without probable cause and through the use of unnecessary and excessive force on the evening of September 11, 2004. Plaintiff's complaint alleged claims against the Officer Defendants and the City of Santa Maria ("City") for: (1) violation of his civil rights under 42 U.S.C. §1983, and (2) violation of California Civil Code §52.1.

The Officer Defendants and the City brought a Motion to Dismiss on January 18, 2006. As a result of that motion, the second cause of action (i.e., for violation of California Civil Code §52.1) was dismissed due to Plaintiff's failure to comply with the requirements of the California Tort Claims Act. The Officer Defendants and the City brought a Motion for Summary Judgment on September 18, 2006. On October 4, 2006, the Court granted the motion as to the City (thus dismissing the City), and denied it as to the Officer Defendants. On October 30, 2006, at a pretrial conference, the Plaintiff voluntarily dismissed Officer Waddell from the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

The first jury trial in this case took place on November 14, 2006 through November 20, 2006. The jury returned a verdict in favor of Defendant on the wrongful arrest and wrongful detention claims, but was deadlocked on the excessive force claim. Following the verdict, Defendant filed a motion for judgment as a matter of law on the excessive force claim. The Court denied this motion on January 16, 2007. The second jury trial in this case (i.e., on the excessive force claim) took place on March 6, 2007 through March 9, 2007. The jury returned a verdict in favor of Plaintiff in the amount of $50,000.00. In the instant Motion for Attorney's Fees, Plaintiff seeks a total of $92,245.19 in fees and expenses.

**B.  Legal Standard On A Motion For Attorney's Fees.**

In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988(b). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle, 224 F.3d at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)). The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434). The Court is under an independent duty to reach its own "lodestar" value. Hensley, 461 U.S. at 433.

After computing the lodestar, the district court is to assess whether additional considerations enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), require the court to adjust the figure. Caudle, 224 F.3d at 1028. The Kerr factors are: (1) the time and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 70.

### C. Analysis Of Requested Attorney's Fees.

In his motion, Plaintiff seeks attorney's fees in the amount of $92,245.19 on the grounds that, as the prevailing party, Plaintiff is entitled to attorneys' fees and costs reasonably incurred in connection with the prosecution of the instant case. This total is based on 361.48 hours billed at David L. Hagan's billing rate of $250.00 per hour, plus assorted costs relating to copying of a security video and hotel bills. (Hagan Decl., Ex. 1). As an initial matter, the Court notes that it finds the hourly rate charged by Plaintiff's counsel to be reasonable.

Defendant opposes Plaintiff's motion arguing that Plaintiff's attorney's fees request must be reduced because: (1) Plaintiff's second claim for relief was dismissed; (2) the City and Officer Waddell were dismissed; (3) Defendant prevailed on the issues of unlawful arrest and unlawful detention at the first trial; and (4) Plaintiff's bill is not sufficiently detailed, and thus the attorney's fee award should be reduced.

#### 1. Defendant's request for reduction in attorney's fees based on "partial success."

Defendant's first three arguments all deal with the fact that Plaintiff failed to prevail on some of his claims in this case. In a situation such as this, where Plaintiff has arguably achieved only 'partial' or 'limited' success, the Court must apply a two-step process to determine the appropriate reduction in attorney's fees. Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003).

The first step is to consider whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 05-6645 ABC (CWx) | Date April 9, 2007 |
| Title Christopher A. Westerfield v. Gregory J. Wade, et al. | |

succeeded." Id. (citing Hensley, 461 U.S. at 434. "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed." Id. (citing Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir.1995)). Related claims involve a common core of facts or are based on related legal theories. Hensley, 461 U.S. at 435; see also Cabrales v. County of L.A., 864 F.2d 1454, 1465 (9th Cir. 1988). Time spent on unrelated, unsuccessful claims may be excluded from the attorney's fee award.

The second step is "to consider whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.' Id. (citing Hensley, 461 U.S. at 434). To make this determination, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. (citing Hensley, 461 U.S. at 435). Thus, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. It is possible for a plaintiff to achieve 'excellent results' without obtaining all of the requested relief. Id. At 435 n.11.

Defendant first argues that Plaintiff should not be awarded the fees and costs listed by Plaintiff relating to the January 18, 2006 Motion to Dismiss – i.e., a total of $1,687.50. The outcome of this motion turned on Plaintiff's failure to comply with the procedural requirements of the California Tort Claims Act. Specifically, Plaintiff's failure to timely file a tort claim within the required six month period resulted in the Court's determination that Plaintiff may not pursue his claim for violation of California Civil Code §52.1. The Court finds that this claim, as well as the motion to dismiss, are not sufficiently related to Plaintiff's successful excessive force claim so as to justify an award of attorney's fees for time spent on this issue. As a result, the Court agrees that the attorney's fee award should be reduced in the amount of $1,687.50 – i.e., the time spent on the motion to dismiss, as indicated in Plaintiff's bill.

Defendant next argues that Plaintiff should not be awarded the full amount of fees listed for the September 18, 2006 Motion for Summary Judgment. Defendant asserts that Defendant was largely victorious on the motion because the City was dismissed from the case as a result of the motion. Thus, Defendant contends that Plaintiff should not be awarded the $8,882.50 that he billed for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|

Title: Christopher A. Westerfield v. Gregory J. Wade, et al.

the summary judgment motion.

In the motion for summary judgment, Defendant successfully argued that Plaintiff had not brought any evidence to show that the City had a policy or practice that infringed upon Plaintiff's constitutional rights. However, Defendant did not prevail on his arguments regarding the liability of the Officer Defendants. The Court agrees that the issue of the whether the City had an unconstitutional policy or practice (i.e., Monnell liability) is unrelated to the issue of whether the Officer Defendants violated Plaintiff's constitutional rights. The policy and practice of the City does not share a common core of facts with the claims against the Officer Defendants, nor is it based on a related legal theory.

However, the Court does not agree with Defendant's assertion that he was "largely victorious" on the summary judgment motion. While Defendant was successful in having the City dismissed from the case as a result of the summary judgment motion, Defendant was not successful on his motion with respect to the Officer Defendants. In fact, the Court rejected Defendant's contention that the Officer Defendants were entitled to a qualified immunity defense, and found that there were triable issues of material fact as to Plaintiff's 42 U.S.C. §1983 claim against the Officer Defendants. Thus, at best, Defendant prevailed on one of the three major arguments that he made in his motion, and that one argument was sufficiently unrelated to the other arguments as to justify a 1/3 reduction in the attorney's fee award relating to the cost of the motion for summary judgment. Thus, the Court finds that the attorney's fee award should be reduced in the amount of $2,960.84 - i.e., 1/3 of the $8,882.50 that Plaintiff billed for the summary judgment motion.

Finally, Defendant argues that Plaintiff should not be awarded attorney's fees for the first trial in this case (i.e., the trial which began on November 14, 2006). Defendant asserts that it prevailed in the first trial on the unlawful arrest and unlawful detention claims. Thus, Defendant contends that Plaintiff should not recover the $21,947.75 that he billed for the first trial. The Court disagrees. The issues in the first trial were related to the issues in the second trial. Specifically, the issues of whether Plaintiff was unlawfully arrested and detained share a common core of fact with the issue of excessive force. As a result, time spent by Plaintiff's attorney preparing for and conducting the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

trial should not be excluded from the attorney's fees award.

However, upon review of the Plaintiff's bill, the Court notes that some of the hours spent preparing for the two trials appear to be excessive and/or redundant. The second trial in this case was essentially a "streamlined" version of the first trial. Thus, the Court believes that it should not have been necessary for Plaintiff to spend approximately 32 hours preparing for the second trial as his bill reflects - i.e., this amount of time is excessive and redundant given the time expended preparing for the first trial. Thus, the Court finds that Plaintiff's hours in preparation for the second trial should be reduced from 32 to 20. As a result, the Court finds that the attorney's fee award should be <u>reduced in the amount of $3,000.00</u> - i.e., 12 hours at an hourly rate of $250.00.

### 2. Defendant's request for reduction in attorney's fees based on the quality of Plaintiff's bill.

The Court rejects Defendant's contention that Plaintiff's bill is not sufficiently detailed and that the attorney's fee award should be reduced as a result. While Defendant is correct in asserting that the hours billed by the prevailing party may be reduced by the court where documentation of the hours is inadequate, the Court does not believe that such a reduction is appropriate here. <u>Hensley</u>, 461 U.S. at 429; <u>see also Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986). Upon reviewing the bill submitted by Plaintiff, the Court finds that it sufficiently explains the matters handled and hours billed. Thus, the Court declines to reduce the attorney's fees award on this basis.

### 3. Billing for video and DVD costs.

Costs of reproducing video are not properly part of a motion for attorney's fees. Rather, this is a cost that should be included in the Bill of Costs filed pursuant to Local Rule 54. Specifically, Local Rule 54-4.13 states that the cost of "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial" may be included in the Bill of Costs. Thus, attorney's fee award should be <u>reduced in the amount of $200.29</u> - i.e., the amount indicated in Plaintiff's bill for video copying and DVD production.

In sum, the Court finds that Plaintiff here "achieve[d] a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6645 ABC (CWx) | Date | April 9, 2007 |
|---|---|---|---|
| Title | Christopher A. Westerfield v. Gregory J. Wade, et al. | | |

level of success that makes the hours reasonably expended a satisfactory basis for making a fee award" of $84,396.56. This fee award reflects the hours billed by Plaintiff as expressed in the bill presented to this Court (i.e., $92.245.19), reduced by $1,687.50, $2,960.84 and $3,000.00 to reflect areas of the case in which Plaintiff had only limited success and which were unrelated to the core factual and legal issues in this case, or where Plaintiff's bill was excessive, unreasonable or redundant. Additionally, this award reflects a reduction for the amount charged for video copying and DVD production costs, $200.29, which this Court finds should appropriately be placed in the Bill of Costs, not in a motion for attorney's fees. The Court finds that this award is appropriate under the Kerr factors, as it fairly and accurately reflects the circumstances and difficulty of the issues presented in this case, the skill required to perform the services in this case, the length of this case (e.g., several motions, two trials) and the results obtained by counsel for Plaintiff.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment as a Matter of Law or for a New Trial is DENIED in its entirety. Plaintiff's Motion for Attorney's Fees is GRANTED IN PART. Defendants are hereby ORDERED to pay Plaintiff's attorneys' fees in the amount of **$84,396.56.** within **30 days** of the entry of this Order.

**IT IS SO ORDERED.**

Initials of Preparer  _D.A_